

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-25-00086-CR
No. 07-25-00087-CR

**ANDREA ANN RODRIGUEZ, APPELLANT**

V.

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 108th District Court
Potter County, Texas
Trial Court Nos. 086479-E-CR & 083955-E-CR, Honorable Timothy G. Pirtle, Presiding

October 3, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Pending before this Court are motions to withdraw supported by briefs filed pursuant to *Anders v. California.*[1] In 2023, in Cause Number 083955-E-CR, Appellate Cause Number 07-25-00087-CR, pursuant to an open plea of guilty, Appellant, Andrea Ann Rodriguez, was placed on deferred adjudication community supervision for three

---

[1] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

years for possession of less than one gram of methamphetamine.[2]  Almost a year later, the State moved to proceed to adjudication for certain violations of community supervision.  At a hearing on the motion, the State waived some allegations, and Appellant entered pleas of true to the remaining allegations, including committing a new offense of manufacture and delivery of methamphetamine.  The trial court found the allegations true, adjudicated her guilty of the original offense, and sentenced her to confinement for eighteen months in a state jail facility.

In 2025, in Cause Number 086479-E-CR, Appellate Cause Number 07-25-00086-CR, Appellant entered an open plea of guilty to the new offense of manufacture and delivery of methamphetamine in an amount of four grams or more but less than two hundred.[3]  The trial court found her guilty, and the case proceeded to a jury for punishment.  After hearing evidence, the jury assessed punishment at confinement for twenty years.

In support of her motions to withdraw, counsel certifies she has conducted a conscientious examination of the record, and in her opinion, it reflects no potentially plausible basis for reversal of Appellant's convictions.  *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008).  Counsel candidly discusses why, under the controlling authorities, the records support that conclusion.  *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978).  Counsel has demonstrated she has complied with the

---

[2] TEX. HEALTH & SAFETY CODE ANN. § 481.115(b).

[3] TEX. HEALTH & SAFETY CODE ANN. § 481.112(d).

2

requirements of *Anders* and *In re Schulman* by (1) providing a copy of the briefs to Appellant, (2) notifying her of the right to file a pro se response if she desired to do so, and (3) informing her of the right to file a pro se petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[4]  By letter, this Court granted Appellant an opportunity to exercise her right to file a response to counsel's briefs, should she be so inclined.  *Id.* at 409 n.23.  Appellant filed a response complaining about her sentence and adhering to the claim the methamphetamine in the manufacture and delivery case was not hers.  The State did not favor us with a response.

By this *Anders* appeal, counsel evaluates all phases of the underlying proceeding and concludes there is no error presented which would entitle Appellant to any relief in either case.

When we have an *Anders* brief by counsel and a pro se response by an appellant, we have two choices.  First, we may determine that the appeal is wholly frivolous and issue an opinion explaining that we have reviewed the record and find no reversible error. *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (citing *Anders*, 386 U.S. at 744).  Or, we may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues.

---

[4] Notwithstanding that Appellant was informed of her right to file a pro se petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgments together with notification of her right to file a pro se petition for discretionary review.  *Id.* at 408 n.22, 411.  The duty to send the client a copy of this Court's decision is an informational one, not a representational one.  It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw.  *Id.* at 411 n.33.

*Bledsoe*, 178 S.W.3d at 827 (citing *Stafford v. State*, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991)).

We too have independently examined the records to determine whether there are any non-frivolous issues which might support these appeals. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford*, 813 S.W.2d at 511. We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the record and counsel's briefs, we agree there is no plausible basis for reversal of Appellant's convictions. *See Bledsoe*, 178 S.W.3d at 826–27.

### CONCLUSION

The trial court's *Judgment of Conviction* in Cause Number 086479-E-CR, Appellate Cause Number 07-25-00086-CR, and *Judgment Adjudicating Guilt* in Cause Number 083955-E-CR, Appellant Cause Number 07-25-00087-CR, are affirmed and counsel's motions to withdraw are granted.

Alex Yarbrough
Justice

Do not publish.

4